IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEY DEAN HOFFMAN, | : | Civil No. 1:25-CV-01176 |
| Plaintiff, | : | |
| v. | : | |
| PRIME CARE MEDICAL, INC., | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Presently before the court is a complaint filed by Joey Dean Hoffman ("Plaintiff") under 42 U.S.C. § 1983 for a lack of medical treatment. (Doc. 1.) Plaintiff is a self-represented litigant and has applied to proceed *in forma pauperis*. (Doc. 5.) The court will grant Plaintiff's motion to proceed *in forma pauperis*, file the complaint, dismiss the complaint for failing to state a claim upon which relief may be granted, and grant Plaintiff leave to file a curative amended complaint.

### BACKGROUND

On June 27, 2025, the court received and docketed a complaint naming Prime Care Medical, Inc as the sole defendant. (Doc. 1.) The alleged facts in the complaint consist of the following paragraph:

> My medical request slips were ignored for over 3 months demanding help getting medical bottom bunk status. And when I sprained my ankle it took 6 days for a x-ray and longer to see anyone (PA) to look at it. And 6 months later its still not right and hurts all the time. And medical ignores me. I have written records and 40+ copies of request slips.

1

(Doc. 1.)

Along with the complaint, Plaintiff filed a motion to proceed *in forma pauperis* and a prisoner trust fund account statement. (Docs. 5, 6). The court will grant Plaintiff's motion to proceed *in forma pauperis* and screen the complaint.

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (citations and quotations omitted). A private

3

corporation contracted by a prison to provide health care for inmates cannot be held liable on a *respondeat superior* theory; rather, it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.  *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003).

Accordingly, to state a viable § 1983 claim against Prime Care Medical, Inc, the complaint must set forth "facts to state a claim that [it] had a policy, custom, or practice, and that the policy, custom, or practice caused the constitutional violation at issue."  *See Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale*, 318 F.3d at 583).  The policy, custom, or practice of Prime Care Medical, Inc. was not addressed anywhere in the complaint.  Therefore, the company lacks personal involvement and there are no allegations consistent with the requirements in *Natale*.  As such, all claims against Prime Care Medical, Inc. will be dismissed without prejudice.

## CONCLUSION

For the above stated reasons, the court will grant Plaintiff's motion to proceed *in forma pauperis* and dismiss the complaint without prejudice for failing to state a claim for which relief may be granted.  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.

4

*See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245.  Thus, the court will grant Plaintiff an opportunity to file an amended complaint curing the defects addressed in this memo.  This document shall be titled "Amended Complaint" and shall be filed under the above captioned case number.

    An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 23, 2025