IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEY DEAN HOFFMAN, | : | Civil No. 1:25-CV-01176 |
| Plaintiff, | : | |
| v. | : | |
| PRIME CARE MEDICAL, INC. *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court is an amended complaint filed by Joey Dean Hoffman ("Plaintiff") under 42 U.S.C. § 1983 for a lack of medical treatment. (Doc. 1.) Plaintiff is a self-represented litigant currently housed at Dauphin County Prison proceeding in this action *in forma pauperis*. (Doc. 10.) The court will screen the amended complaint, and dismiss Prime Care Medical, Inc. as a party to this action and serve the amended complaint on the remaining defendants.

### BACKGROUND

On June 27, 2025, the court received and docketed a complaint naming Prime Care Medical, Inc as the sole defendant. (Doc. 1.) The alleged facts in the complaint consisted of the following paragraph:

> My medical request slips were ignored for over 3 months demanding help getting medical bottom bunk status. And when I sprained my ankle it took 6 days for a x-ray and longer to see anyone (PA) to look at it. And 6 months later its still not right and hurts all the time. And medical ignores me. I have written records and 40+ copies of request slips.

1

(Doc. 1.)

On September 23, 2025, the court dismissed the complaint for failing to state a claim for which relief may be granted.  (Docs. 9, 10.)  Specifically, the court determined that a private corporation contracted by a prison to provide health care for inmates cannot be held liable on a *respondeat superior* theory, but only for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.  (Doc. 9.)  The court granted Plaintiff leave to file an amended complaint.  (Doc. 10.)

The court received and docketed Plaintiff's amended complaint on November 18, 2025.  (Doc. 14.)  This amended complaint names three defendants: (1) Prime Care Medical, Inc.; (2) Kyle Brin ("Brin"), a Physician's Assistant; and (3) Adena, a nurse.  (*Id*.)  The amended complaint alleges a refusal to treat his injured ankle by Defendants Brin and Adena.  (*Id*.)

The court will now screen this amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is

identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

**DISCUSSION**

The amended complaint did not remedy the pleading defect of the original complaint when raising claims against Prime Care Medical, Inc. Plaintiff does not allege that Prime Care Medical, Inc. had a policy or custom that violated his constitutional rights. (Doc. 14.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (citations and quotations omitted). A private corporation contracted by a prison to provide health care for inmates cannot be held liable on a *respondeat superior* theory; rather, it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003).

Accordingly, to state a viable § 1983 claim against Prime Care Medical, Inc, the complaint must set forth "facts to state a claim that [it] had a policy, custom, or practice, and that the policy, custom, or practice caused the constitutional violation at issue." *See Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale*, 318 F.3d at 583). Since a policy, custom, or practice of Prime Care Medical, Inc was not addressed anywhere in the amended complaint, the company lacks personal involvement. As such, all claims against Prime Care Medical, Inc will be dismissed.

Plaintiff was given an opportunity to cure this pleading defect as to the claims against Prime Care Medical, Inc. (Doc. 9.) Since he did not cure this defect in the amended complaint, the court finds that a further opportunity to amend the claims against Prime Care Medical, Inc. would be futile. The court will dismiss these claims with prejudice.

## CONCLUSION

For the above stated reasons, the court will dismiss the claims against Prime Care Medical, Inc with prejudice. The court will serve the amended complaint on the remaining two defendants. An appropriate order follows.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Judge
> Middle District of Pennsylvania

Dated: December 18, 2025