**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOEY DEAN HOFFMAN, | : | Civil No. 1:25-CV-01176 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PRIME CARE MEDICAL, INC. *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### <u>MEMORANDUM</u>

Presently before the court is motion to dismiss the amended complaint filed

by Defendants Kyle Brim, PA-C and Adina M. Lightner, LPN.  (Doc. 22.)  Joey

Dean Hoffman ("Plaintiff"), a self-represented litigant currently housed at Dauphin

County Prison proceeding in this action *in forma pauperis*, also filed a motion for

appointment of counsel.  (Doc. 25.)  The court will grant the motion to dismiss the

amended complaint, dismiss the amended complaint, and deny the motion for

appointment of counsel.

### BACKGROUND

On June 27, 2025, the court received and docketed a complaint naming

Prime Care Medical, Inc as the sole defendant.  (Doc. 1.)  The alleged facts in the

complaint consisted of the following paragraph:

> My medical request slips were ignored for over 3 months demanding
> help getting medical bottom bunk status. And when I sprained my ankle
> it took 6 days for a x-ray and longer to see anyone (PA) to look at it.

1

> And 6 months later its still not right and hurts all the time.  And medical ignores me.  I have written records and 40+ copies of request slips.

(Doc. 1.)

On September 23, 2025, the court dismissed the complaint for failing to state a claim for which relief may be granted.  (Docs. 9, 10.)  Specifically, the court determined that a private corporation contracted by a prison to provide health care for inmates cannot be held liable on a *respondeat superior* theory, but only for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.  (Doc. 9.)  The court granted Plaintiff leave to file an amended complaint.  (Doc. 10.)

The court received and docketed Plaintiff's amended complaint on November 18, 2025.  (Doc. 14.)  This amended complaint names three defendants: (1) Prime Care Medical, Inc.; (2) Kyle Brin ("Brim")[1], a Physician's Assistant; and (3) Adena ("Lightner")[2], a nurse.  (*Id.*)  On December 18, 2025, the court screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismissed all claims against Prime Care Medical, Inc., and served the individual defendants with a copy of the amended complaint.  (Doc. 16.)

---

[1] Defendant Brim's name was corrected in his motion to dismiss the amended complaint.  (Doc. 22.)

[2] Defendant Adina M. Lightner's name was corrected in her motion to dismiss the amended complaint.  (Doc. 22.)

On January 2, 2026, Plaintiff filed a second amended complaint. (Doc. 22.) The second amended complaint alleges a refusal to treat his injured ankle by Defendants Brim and Lightner. (*Id*.) Specifically, Plaintiff states that on December 19, 2024, he was walking down the steps for lunch trays when he rolled his ankle on the last step. (*Id*., p. 3). Plaintiff alleges that his cellmate carried him up the stairs to his cell. (*Id*., p. 4.) He states that he showed his ankle to non-party prison officials, expressing that he needed medical attention, and was told to wait. (*Id*., p. 4.) He states that at 8:07, Nurse Lightner gave him extra pills including Motrin and Tylenol. (*Id*., p. 5.) He alleges that she stated that she had the slip for his bottom bunk status, but she had not turned it in, and it was on her cart all day. (*Id*.)

Plaintiff alleges that on December 21, 2025, Nurse Mallory stated that he was prescribed Tylenol and Motrin, but that he could not get the Motrin because it was too much for his stomach with his already prescribed medications. (*Id*.) He states "so Adena never checked my meds." (*Id*.) Plaintiff alleges that on December 27, 2024, he asked Defendant Lightner to see the doctor and was told there were no openings. (*Id*.) He alleges that on the evening of December 28, 2024, he asked Leann, and she told him that he had stretched his ligaments or tendons and "wrote me into the computer to see medical."

3

Plaintiff states that on December 30, 2024, he "seen medical for the first time.  Severe ankle sprain. X-ray they did few days ago looks good ordered x-ray of knee. Finally says I can do Ice Packs and ordered an ankle wrap. Gave me perm. bottom bunks status." (*Id*.)  Plaintiff states that he only got one ice pack and an ankle wrap on January 1, 2025.  (*Id*.)

Based on these alleged facts, Plaintiff brings Eighth Amendment deliberate indifference claims against Defendant Brim in his role as the head physician for Prime Care Medical, Inc. at Dauphin County Prison and against Defendant Lightner, who he identified as the nurse who was responsible for giving him medications without checking his chart, dragging out the process of his bottom tier status, and withholding medical knowledge that could have prevented "all this." (Doc. 21).

Defendants Brim and Lightner filed the instant motion to dismiss the second amended complaint on February 17, 2026.  (Docs. 17, 22.)  Plaintiff filed a brief in opposition to the motion to dismiss on March 2, 2026.  (Doc. 24.)  He then filed a motion to appoint counsel on June 8, 2026.  (Doc. 25).

The court will now address the pending motion to dismiss and the motion for appointment of counsel.

4

**STANDARD**

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

**DISCUSSION**

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To sustain a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted). A prison official is deliberately indifferent when he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

However, "[p]rison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" *Byrd v. Shannon*, No. 1:09-CV-1551, 2010 WL 5889519, at *4 (M.D. Pa. Nov. 24, 2010) (quoting *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d

6

Cir.1979)).  Mere disagreement over proper treatment does not state a claim upon which relief can be granted.  *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Monmouth Cty. Corr. Inst'l Inmates,* 834 F.2d at 346 ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation.").

### A. All Deliberate Indifference Claims Against Defendant Brim Will Be Dismissed.

Plaintiff fails to allege any involvement on the part of Defendant Brim beyond his role as a supervisor within the prison medical system.  He never alleges that Defendant Brim saw him for his ankle injury or that he sought treatment from Defendant Brim.  (Doc. 21.)  "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."  *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).  Without specific allegations of deliberate indifference on the part of Defendant Brim, the court must dismiss all deliberate indifference claims raised against him.

Likewise, his role as a supervisor does not necessarily create liability. Supervisory liability under § 1983 utilizes the same standard as municipal liability. *See Carter v. City of Philadelphia,* 181 F.3d 339, 356 (3d Cir. 1999).  A supervisor

7

will only be liable for the acts of a subordinate if he fosters a policy or custom that amounts to deliberate indifference towards an individual's constitutional rights. *See Id. at* 357. To establish supervisory liability, a plaintiff must show that (1) a superior officer failed to employ a specific supervisory practice; (2) the existing custom created an unreasonable risk of injury in the absence of the specified supervisory practice; (3) the supervisor was aware that the risk existed; (4) the supervisor was indifferent to the risk; and (5) the underlying violation resulted from the failure to employ the supervisory practice. *Brown v. Muhlenberg Twp.,* 269 F.3d 205, 216 (3d Cir. 2005) (*citing Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir. 1989)). Nothing alleged in the second amended complaint triggers liability under *Carter*. Therefore, all Eighth Amendment deliberate indifference claims against Defendant Brim raised in the second amended complaint will be dismissed.

### B. All Deliberate Indifference Claims Against Defendant Lightner Will Be Dismissed.

Plaintiff alleges that Defendant Lightner erroneously gave him medications without checking his current medications list, drug out the process for his bottom tier status, and withheld medical knowledge that could have prevented "all this." (Doc. 21, p. 2.) Nothing in these allegations amounts to deliberate indifference.

As stated above, "Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not

8

raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation." *Monmouth Cty. Corr. Inst'l Inmates,* 834 F.2d at 346.  Here the administration of Motrin at his request for treatment may be an allegation of malpractice, but not an allegation of an Eighth Amendment violation, especially where Plaintiff does not allege any harm as a result of the oversight.  Furthermore, it is unclear how Defendant Lightner delayed the processing of his bottom tier status, when he alleges that she kept the paperwork for his bottom bunk on her cart all day.  There is no allegation that he was forced to use a top bunk and that the use of a top bunk resulted in injury.  Additionally, Plaintiff does not allege that Defendant Lightner withheld any medical knowledge that could have prevented the injury to his ankle or the delay in treatment of his ankle.  Therefore, the deliberate indifference claim against Defendant Lightner will be dismissed.

### C. Plaintiff's Motion for Appointment of Counsel Will Be Denied.

Plaintiff has filed a motion for appointment of counsel that was received and docketed by the court on June 8, 2026.  (Doc. 25.)

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019).  The appointment of counsel is

a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1)  the plaintiff's ability to present his or her own case;
(2)  the complexity of the legal issues;
(3)  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4)  the plaintiff's ability to retain counsel on his or her own behalf;
(5)  the extent to which a case is likely to turn on credibility determinations, and;
(6)  whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." (*Id.*)

Since the second amended complaint failed to state a claim for which relief may be granted, Plaintiff has not made the threshold showing that the case has arguable merit in fact and law. Therefore, the motion will be denied.

## CONCLUSION

For the above-stated reasons, the court will grant Defendants' motion to dismiss the second amended complaint and dismiss the remaining claims against Defendants Brim and Lightner. The court will not grant Plaintiff any further opportunity to cure the defects in his pleadings. This is Plaintiff's third attempt at pleading Eighth Amendment deliberate indifference claims associated with the ankle injury he sustained at Dauphin County Prison. Considering Plaintiff's repeated unsuccessful attempts, the court finds that further attempts to bring such claims would be futile. As such, the court will dismiss the complaint with prejudice.

Because there are no operable claims in the matter, the court will deny Plaintiff's motion for appointment of counsel.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 15, 2026